Elizabethtown Water Company, Successor to Plainfield-Union Water Company v. Commissioner.
Elizabethtown Water Co. v. Commissioner
Docket No. 839-65.
United States Tax Court
T.C. Memo 1966-235; 1966 Tax Ct. Memo LEXIS 52; 25 T.C.M. (CCH) 1216; T.C.M. (RIA) 66235; October 21, 1966
*52 Martin D. Ginsburg and Stephen F. Schwartz, 60 E. 42nd St., New York, N. Y., for the petitioner. Donald H. Cuozzo, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner's 1960 income tax in the amount of $17,262.40. The deficiency arises by reason of respondent disallowing as a repair expense the sum of $33,196.92 paid by petitioner water company in 1960 to clean and cement line 6,038 feet of cast iron pipe in its water distribution system. Respondent's notice of deficiency states it is determined the $33,196.92 was a capital expenditure but makes no allowance in the deficiency determined for any depreciation deduction. On brief he states such an allowance can be made on a Rule 50 computation if he is successful on the litigated issue of repair or capital expenditure. As will presently appear, he is unsuccessful on the litigated issue but we feel we should point out Rule 50 was not designed to fix the amount of a deficiency that would be affected by a depreciation rate in the absence of an agreement between the parties as to the rate that should be applied if the item be held to be a capital expenditure. *53 There is no indication here that such an agreement existed. Petitioner is a New Jersey public utility water company. It is successor by consolidation (June 30, 1961) to Plainfield-Union Water Company whose 1960 return was filed with the district director of internal revenue at Newark, New Jersey. The Plainfield-Union Water Company was the petitioning taxpayer in . It is stipulated this water company had a cast iron transmission main 15,428 feet in length and 16 inches in diameter in the southern part of its water system, comprised of the Maple Avenue main, 9,390 feet in length, and the Plainfield Avenue main, 6,038 feet in length. In the cited case we held the 1957 cost of cleaning and cement lining of the eastern portion of this pipe, or the Maple Avenue main, was a fully deductible repair expense and not a capital expenditure. We now have the issue of whether the 1960 cost of cleaning and cement lining the western or remaining portion of what is virtually the same pipe, 6,038 feet in length, was a repair expense or a capital expenditure. This very section of pipe was mentioned in the findings of fact in , *54 as well as the fact that this 6,038 feet had also been cleaned and cement lined before the trial of that case. Petitioner argues respondent is collaterally estopped because of our holding in , and also that the situation is most appropriate for the application of the rule of stare decisis. Respondent, in his opening statement, argued collateral estoppel was not applicable because of different facts in this case and with respect to stare decisis respondent's attorney stated: "[We] think it should only apply if consistency in decision is considered just and desirable, and we believe that consistency of decision in this case is not just or desirable." This last seems to us just another way of saying respondent is of the opinion that , was wrongly decided and should not be followed.[1] However, on brief respondent says he is not asking us to overrule , for he states: "[There] is no necessity to overrule , in order to sustain the Commissioner's determination." In short, respondent is in effect asking us to hold the cost *55 of cleaning and cement lining about half of the footage of a 16 inch water main was a capital expenditure when we have already held the cost of cleaning and cement lining the other half was a repair expenditure and respondent did not appeal. This we can do, respondent states without overruling our prior opinion. , can be followed or overruled but it just cannot be distinguished from the instant case. No good purpose would be served by again reviewing the arguments, considerations and authorities that led us to the conclusion reached in In most all opinions in this repair versus capital expenditure area there is much discussion of analogous cases. In our opinion in , we discussed half a dozen cases we felt in point, though none of them involved the cleaning and cement lining of cast iron pipes. Now we have a transaction that is identical with that considered in a prior decision of this Court. It would be difficult to find a more strikingly analogous case than *56 On the record presented we are unable to find any facts different from the facts found in , except that here we have a different year and a different segment of the water main that was cleaned and cement lined. The two cases present the cleaning and cement lining of two segments of a contiguous pipe for an identical purpose and in an identical manner. The useful life, strength, value, and capacity of the cleaned and cement lined water pipe was not increased by the 1960 expenditure. The expenditure did not give rise to any new use for the portion of the main here involved continued (as before) to be used in the normal course of the company's operations. We feel consistency of opinion is most desirable in a case such as this. The ordinary rule of stare decisis dictates we now hold the cost of cleaning and cement lining here involved was a repair item and not a capital expenditure. See . We so hold. Decision will be entered for the petitioner. Footnotes
1. When , was decided adversely to respondent he petitioned for rehearing. When the said petition was denied he appealed to the Court of Appeals, Third Circuit, and then dismissed his appeal on July 1, 1963 and promulgated his non-acquiescence in that decision and thereafter got out his notice of deficiency in this case.↩